UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| In re Application of<br><br>WILLIAM BARNEY,<br><br>           Applicant. | Case No. 22-mc-80154-LB<br><br>**ORDER REGARDING PROCEDURE FOR APPLICATION TO SERVE REQUEST FOR DISCOVERY FOR USE IN A FOREIGN PROCEEDING**<br><br>Re: ECF No. 1 |

    William Barney applied ex parte under 28 U.S.C. § 1782 to serve subpoenas on Google and Meta Platforms for documents for use in a civil case he brought on behalf of his minor son in Hong Kong.[1] In that case, Mr. Barney alleges that Nguyen Phuoc Tieu Phung, also known as Donna Nguyenphuoc, defamed Mr. Barney's son by creating Google and Facebook accounts to impersonate Mr. Barney and say that his son was guilty of criminal conduct with which the son was charged at the time.[2] Mr. Barney seeks IP addresses and subscriber information associated with the relevant accounts, to help identify who created and used them.[3] Because the undersigned

---

[1] Appl. – ECF No. 1 at 2; Gilchrist Decl. – ECF No. 4; Proposed Subpoena to Meta – ECF No. 2; Proposed Subpoena to Google – ECF No. 3. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Appl. – ECF No. 1 at 3.

[3] Proposed Subpoena to Meta – ECF No. 2 at 4–5; Proposed Subpoena to Google – ECF No. 3 at 4.

ORDER – No. 22-mc-80154-LB

lacks jurisdiction to decide Section 1782 applications without the consent of all parties, this order sets forth a procedure to properly position the matter for decision.

Section 1782 provides, in short, that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). An ex parte application is an acceptable method for seeking discovery pursuant to Section 1782. *See In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may raise objections and exercise their due-process rights by moving to quash the subpoenas).

That said, "a magistrate judge may not issue binding rulings on case-dispositive matters without the parties' consent." *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807 (9th Cir. 2022). And Section 1782 applications are case-dispositive matters. *Id.* at 807–08.

Without the consent of all parties, the undersigned lacks jurisdiction to enter an order resolving Mr. Barney's application. Accordingly, the following procedure is ordered to properly position the matter for decision.

First, within seven days of this order, Mr. Barney must file a statement indicating whether he requests the application to be considered ex parte. If he requests, and the undersigned determines, that the matter should be considered ex parte, the matter will be randomly reassigned to a district judge.

Second, if Mr. Barney does not request the application to be considered ex parte, he must, again within seven days of this order, serve Google and Meta with (1) this order and (2) the application and all associated documents (ECF Nos. 1–4).

Third, within fourteen days of the date they are served by Mr. Barney, Google and Meta must serve and file responses to the application. If either Google or Meta do not do so, the matter will be randomly reassigned to a district judge.

Fourth, if both Google and Meta file responses to the application, the court will file a letter advising that all parties must, within seven days of the letter, file a consent or declination to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c).

Fifth, if all parties consent within that time period, the undersigned will enter an order resolving the application. Otherwise, the matter will be randomly reassigned to a district judge.

**IT IS SO ORDERED.**

Dated: July 1, 2022

_____
LAUREL BEELER
United States Magistrate Judge