UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF WILLIAM BARNEY PURSUANT TO 28 U.S.C. § 1782 FOR THE TAKING OF DISCOVERY FOR USE IN A FOREIGN PROCEEDING,<br><br>Applicant. | Case No. 22-mc-80154-HSG<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

William Barney (the "Applicant") filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 authorizing service of subpoenas for documents on Google LLC and Meta Platforms, Inc. Dkt. No. 1. For the reasons stated below, the Court **GRANTS** the application.

**I.  BACKGROUND**

According to the application, someone created a Google email account with the name "william.barney.hkg@gmail.com," and used it to send several emails purporting to be the Applicant. *See* Dkt. No. 1 at 1. The emails stated that the Applicant's minor son Liam Barney had raped a classmate. *Id.* The application further alleges that around the same time, an account titled "Bbchan HongKong" published a post in a Facebook group titled "Hong Kong Moms," also stating that Liam Barney raped a classmate. *Id.* According to the application, Liam Barney was on trial for sexual misconduct when the alleged emails and Facebook post were created and has since been acquitted of these charges by a Hong Kong court. *Id.*

The Applicant contends that these emails and post are defamatory, and he has filed a lawsuit for defamation in Hong Kong against Donna Nguenphuoc, whom he believes authored the statements at issue. *Id.* at 2–3. He requests permission to serve subpoenas on Google and Meta for IP addresses and subscriber information for the "william.barney.hkg@gmail.com" and

1  "Bbchan HongKong" accounts for October through December 2021. *Id*. at 8.

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246–47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id*. at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding;"

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;"

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id*. at 264–65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to U.S. courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). In the absence of evidence that a foreign tribunal or government objects to assistance from discovery under § 1782, the second factor weighs in favor of authorizing the subpoena. *See In re Med. Corp. Seishinkai*, No. 21-MC-80160-SVK, 2021 WL 3514072, at *3 (N.D. Cal. Aug. 10, 2021) (applicant represented that Japanese courts would be receptive to assistance from discovery in the U.S.

United States District Court
Northern District of California

and the court found no evidence to the contrary, subpoena issued). Regarding the fourth factor, courts have held that discovery under § 1782 of access logs or other records of a user's online activity are not unduly burdensome when the applicant demonstrates that they are relevant, necessary, and limited to a reasonable time period. *See id.* at *4–5; *see also Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 900 (N.D. Cal. 2021). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261–63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte basis, since "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quotation omitted). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application ex parte."[1] *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery the court authorizes must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

## III. DISCUSSION

### A. Statutory Requirements

The application satisfies the statutory requirements of § 1782(a). *First*, the subpoena seeks discovery from Google and Meta, which are both headquartered in this district. *See* Dkt. No. 1 at

---

[1] Here, Google and Meta have appeared and filed responses to the application. *See* Dkt. Nos. 16, 20. Neither objects to the issuance of the subpoenas, but each maintains its right to challenge the subpoenas once issued. *Id.*

3

1. *Second*, the Applicant requests this discovery for use in a civil action that is currently pending in Hong Kong. *Id*. at 3–4. *Third*, the Applicant, as a plaintiff in the civil action in Hong Kong court, is an interested person within the meaning of the statute. *Id.* at 3.

### B.  *Intel* Factors

Although the application satisfies the statutory requirements, the Court must also determine whether judicial assistance is appropriate by considering the *Intel* factors.

#### 1.  Participation of Target in the Foreign Proceeding

Under the first factor, the Court considers whether the person from whom discovery is sought is a party to the foreign proceeding. *Intel*, 542 U.S. at 264. However, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotation marks and citation omitted).

According to the application, neither Google nor Meta is a party to the civil action in Hong Kong. Dkt. No. 1 at 6. The documents that the Applicant seeks by subpoena are located in the United States, and the Applicant contends that the evidence is thus outside the reach of the Hong Kong court's jurisdiction. *Id*. Under these circumstances, the Court finds that there is a need for assistance pursuant to § 1782, so this factor weighs in favor of authorizing service of the subpoena.

#### 2.  Receptivity of Foreign Tribunal to U.S. Judicial Assistance

Under the second factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "If there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id*. (internal citation omitted). Courts have denied requests for discovery where the foreign tribunal or government expressly states it does not want the assistance of a United States federal court under § 1782. *See, e.g., Schmitz*, 376 F.3d at 84–85 (affirming denial of § 1782 request where German

4

government expressly objected to the information sought due to concerns it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte App. of Qualcomm Inc.*, 162 F. Sup. 3d 1029, 1040–41 (N.D. Cal. 2016) (concluding this *Intel* factor weighed heavily against discovery where Korea Fair Trade Commission filed an amicus brief stating it had no need or use for requested discovery).

However, where there is no evidence that the foreign government or tribunal would object to assistance from a United States federal court, this factor weighs in favor of authorizing discovery. *In re Med. Corp. Seishinkai*, 2021 WL 3514072, at *3. The Applicant supports the application with a declaration from Mr. Gilchrist, his attorney, who is registered to practice in Hong Kong. Dkt. No. 4 at 1. Mr. Gilchrist represents that in his experience, Hong Kong courts have been receptive to assistance in discovery from the United States, and that he is unaware of any restriction or policy that would limit U.S. federal court judicial assistance. *See id*. at 6.

In the absence of evidence that Hong Kong courts would object to the Applicant's discovery of the information sought in the subpoena, or that Hong Kong courts object more generally to the judicial assistance of U.S. federal courts, the Court finds that this factor weighs in favor of authorizing service of the subpoena.

### 3. Circumvention of Proof-Gathering Restrictions

Under the third factor, the Court considers whether the Applicant's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (citation omitted). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018).

The Applicant's attorney Mr. Gilchrist states that he is not aware of any restrictions or

1 policies under Hong Kong law that would limit the gathering of the evidence the Applicant seeks
2 here. Dkt. No. 4 at 6. Previous § 1782 applications have successfully relied on similar attorney
3 statements to satisfy this factor. *See*, *e.g.*, *In re Med. Corp. Seishinkai* 2021 WL 3514072, at *3.
4 In the absence of contrary information regarding the procedures acceptable to a Hong Kong court
5 for identifying the owner of the Google and Facebook accounts at issue, the Court concludes that
6 this factor also weighs in favor of authorizing service of the subpoena.

### 4. Unduly Burdensome or Intrusive Discovery

Under the final factor, the Court considers whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. The Applicant's proposed subpoena to Meta seeks the following categories of documents with regard to "Bbchan HongKong" from October 1, 2021 through December 31, 2021:

1. IP addresses associated with the account
2. Subscriber information associated with the account

Dkt. No. 2 at 5. Likewise, the Applicant's proposed subpoena to Google seeks the following categories of documents with regard to "william.barney.hkg@gmail.com," from October 1, 2021 through December 31, 2021:

1. IP addresses associated with the account
2. Subscriber information associated with the account

Dkt. No. 3 at 4.

Neither subpoena, on its face, seeks the content of any communications associated with the accounts at issue. *See*, *e.g.*, *Optiver Australia Pty. Ltd. v. Tibra Trading Pt. Ltd.*, Case No. C 12-80242 EJD (PSG), 2013 WL 256771, at *3 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions of the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*). The subpoenas only seek the IP addresses and subscriber information for the person(s) who controlled the two accounts from October through December 2021. *See In re Frontier Co., Ltd.*, 2019 WL 3345348, at *1, *5 (issuing a subpoena for the name, address, email address, and telephone number associated with the account). The subpoenas are limited to a period of time reasonably calculated to identify who controlled the accounts when the statements at issue in the Hong Kong case were created. *See In*

6

1 *re Med. Corp. Seishinkai* 2021 WL 3514072, at *5 (authorizing a subpoena seeking access logs for the subject account as of the date the account was created and for the three-month period immediately preceding the date the application was filed until the date of recipient Google's response). The Applicant does not state whether the information he seeks is confidential to the account users at issue, but the Court assumes that it is. Nevertheless, the Court finds that the Applicant has attempted to narrowly tailor the subpoenas to seek only information sufficient to identify the user(s) of the accounts at issue. Therefore, the fourth *Intel* factor also weighs in favor of authorizing service of the subpoena.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** the application. The Applicant may serve the proposed subpoenas on Meta and Google, respectively. *See* Dkt. Nos. 2, 3.

In their responses to this application, Google and Meta requested that the Court build in time for Google and Meta to notify the account holder(s) of the subpoenas and for the account holder(s) to challenge the subpoenas. *See* Dkt. No. 16 at 2; Dkt. No. 20 at 2. The Court finds this request reasonable to ensure that all interested persons have an opportunity to contest the subpoenas if they wish. The Court therefore **DIRECTS** that within 10 days of service of the subpoena and the order, Google and Meta shall notify the account holder(s) within the scope of the Court's subpoena and order, and shall serve a copy of this order on each such person. Google, Meta, and the appropriate account holder(s) shall have 21 days from the date of the notice to file a motion contesting the subpoena.

**IT IS SO ORDERED.**

Dated: 12/19/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

7